IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMS FINANCIAL RECOVERY SERVICES, LLC, | |
| Plaintiff, | Case No. 21-cv-04000 |
| v. | Judge Mary M. Rowland |
| EMILIO E. CANELO et al, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff SMS Financial brings this action for breach of two commercial guaranty agreements executed by Defendants Emillio E. Canelo and Roberto Suastegui. Before the Court is Plaintiff's motion for summary judgment. For the reasons stated below, Plaintiff's motion for summary judgment [31] is granted as to Defendant Canelo.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

1

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND[1]

Plaintiff SMS Financial is an Arizona limited liability company headquartered in Phoenix AZ; it specializes in the acquisition, recovery, and servicing of loans. PSOF ¶ 1. Canelo served as the president of Cumex Distributors, Inc. ("Cumex"), a dissolved Illinois corporation. *Id.* ¶ 2. Suastegui served as the treasurer of Cumex. *Id.* ¶ 3. On August 5, 2010, Cumex entered into a Promissory Note with MB Financial Bank, N.A. in the principal amount of $110,000 ("Cumex Promissory Note"). *Id.* ¶ 6. The Cumex Promissory Note had a maturity date of August 5, 2011 at which time all outstanding amounts, including interest, became due and payable. *Id.* ¶ 7. The

---

[1] The facts in this background section come from the parties' Rule 56.1 statements (Dkts. 33, 35) and are undisputed unless otherwise noted.

2

Cumex Promissory Note provided for an interest rate of 6% per annum. *Id.* ¶ 8. In the event of default, the interest rate increased 5 percentage points to 11% per annum. *Id.* Cumex defaulted on the Cumex Promissory Note by failing to pay all amounts outstanding when the Note matured on August 5, 2011. *Id.* ¶ 9.

Canelo executed a Commercial Guaranty on August 5, 2010. *Id.* ¶ 11. Pursuant to his Commercial Guaranty, Canelo agreed to pay all indebtedness owed by Cumex to the original lender, and its assignees, including all amounts owed under the Cumex Promissory Note. *Id.* ¶ 12. Canelo has not made any payments on the Cumex Promissory Note after August 5, 2011. *Id.* ¶ 13. Canelo has no personal knowledge of any person or entity making any payments on the promissory note after August 5, 2011. *Id.* ¶ 14.

Plaintiff sues for breach of contract against Canelo (Count I) and Suastegui (Count II). Plaintiff seeks damages in the principal amount of $105,499.72, plus interest, attorneys' fees, and costs. Plaintiff moves for summary judgment on both counts of its complaint. In Plaintiff's reply [38], it explains that Defendant Suastegui filed for bankruptcy on September 8, 2022, and as a result, Plaintiff only seeks judgment at this time against Defendant Canelo.

## ANALYSIS

In its motion, Plaintiff argues that there is no material issue of fact that Defendant Canelo owes Plaintiff $105,499.72, plus interest, attorneys' fees and costs, pursuant to his Commercial Guaranty. In response, Canelo contends that there is a genuine issue of fact as to the amount he owes, if any, under the guaranty.

I.   **Rule 56.1 and Admitted Facts**

The Court begins with Local Rule 56.1 and Canelo's response to Plaintiff's statement of material facts. For six of Plaintiff's facts, PSOF ¶¶ 10, 19, 20, 21, 22, and 24, Canelo merely responded that he "denies the statements set forth in [the] paragraph []." [35]. This is not adequate under Local Rule 56.1. The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation omitted). Where, as here, a party merely disagrees "with the movant's asserted facts," that "is inadequate [to defeat summary judgment] if made without reference to specific supporting material." *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (alteration in original) (quotation omitted).

Elsewhere in the briefing, Canelo makes assertions that appear to expand on his general denials. *Compare, e.g.*, Dkt. 35, ¶ 19 (denying that pursuant to an October 20, 2020 Assignment of Fifth Third Bank, the successor by merger to MB Financial Bank, assigned all rights, title and interest in the relevant Loan Documents to Plaintiff) *with* DSOF ¶ 28 (asserting that the Fifth Third Bank assignment "does not expressly convey any rights 'as successor by merger to MB Financial Bank'"). However, this does not bring Canelo's response to Plaintiff's statement of facts into compliance with Local Rule 56.1. It is in this Court's "discretion to strictly enforce local rules regarding summary judgment by accepting the movant's version of facts as undisputed if the non-movant has failed to respond in the form required." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014). *See also Ortega*

*v. United States*, No. 16-CV-8402, 2021 WL 4477896, at *2 (N.D. Ill. Sept. 30, 2021) (noting that Local Rule 56.1's requirements "are not mere formalities") (quotation omitted).

The Court therefore grants Plaintiff's request to deem admitted PSOF ¶¶ 10, 19, 20, 21, 22, 24. [38]. Those facts are deemed admitted.

## II. Breach of Contract (Count I)

The Court turns to the breach of contract claim against Canelo. In Illinois[2], a breach of contract claim requires a plaintiff to prove that: (1) a valid contract existed; (2) the plaintiff performed the conditions precedent required by the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of the breach. *Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020). The Court finds that there is no genuine issue of material fact that Canelo breached his Commercial Guaranty.

Canelo argues that Plaintiff does not offer admissible evidence establishing the amount he allegedly owes in order to warrant summary judgment in Plaintiff's favor. "To be considered on summary judgment, evidence must be admissible at trial, though the form produced at summary judgment need not be admissible . . . [i]f the evidence is inadmissible hearsay, the courts may not consider it." *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016) (cleaned up). Specifically, Canelo challenges Plaintiff's reliance on the declaration of Robert L. Stewart Jr., in-house counsel and custodian of records for Plaintiff, and documents which Canelo says do not satisfy the

---

[2] There is no dispute that Illinois law applies. *See* [32, 36].

trustworthiness requirement of Federal Rule of Evidence 803(6)(E) because they were prepared in anticipation of litigation.

### a. Stewart Declaration

First, Canelo challenges the sworn declaration submitted by Stewart. (Dkt. 33-3, Exh. 2). Stewart is in-house counsel and custodian of records for SMS Financial and states that he has personal knowledge of the facts contained in his affidavit. *Id.* ¶¶ 1–2. He avers that it is the regular business practice of SMS Financial to acquire loans from other financial institutions, including banks. *Id.* ¶ 5. Upon receiving the loan documents, it is Plaintiff's regular business practice to review the loan documents for any disputes or irregularities, then to integrate the assigned records into its own business. *Id.* ¶ 6. Because these documents are being integrated into Plaintiff's business, Plaintiff relies on the accuracy and trustworthiness of these documents in its day-to-day operations. *Id.* Stewart's declaration further explains that on October 20, 2020, pursuant to an Assignment of Loans, Judgments, and Loan Documents, Fifth Third Bank, National Association, the successor by merger to MB Financial Bank assigned all rights, title and interest in the Loan Documents to Plaintiff (hereafter, the "Assignment"). *Id.* ¶ 7. The Assignment expressly included all commercial guaranties associated with the Cumex Promissory Note. *Id.* ¶ 8. Pursuant to the Assignment, Fifth Third Bank, as assignee of the original lender, MB Financial Bank, conveyed the loan file to Plaintiff. *Id.* ¶ 9. The loan file included, among other things, the original August 2010 Promissory Note dated August 8, 2010 for $110,000, together with the commercial guaranties executed by Canelo and

Suastegui. *Id*. The loan file also included the Loan Pay History on the Loan Documents, reflecting activity on the loan for the period between February 9, 2009 to September 28, 2011. *Id*. ¶ 10.

Stewart avers that the Pay History shows an outstanding principal balance of $105,499.72 owed on the Cumex Promissory Note when the Loan matured in August 2011. *Id*. ¶ 14. This was the amount owed when the Cumex Promissory Note was transferred to Plaintiff on October 20, 2020. *Id*. $105,499.72 was the principal balance owed on the guaranties executed by Canello and Suastegui on October 20, 2020 and is also the principal balance that is owed at present on those guaranties today. *Id*. ¶ 15.

According to Canelo, the Court should disregard Stewart's declaration because he cannot lay a foundation for these bank records that were originally the records of Fifth Third and MB Financial. "A party establishes a foundation for admission of business records when it demonstrates through the testimony of a qualified witness that the records were kept in the course of regularly conducted business activity, and that it was the regular practice of that business to make such records." *United States v. Given*, 164 F.3d 389, 394 (7th Cir. 1999) (citation omitted). The Court finds Stewart qualified and his affidavit properly lays a foundation for admission of the relevant bank records. When it comes to bank records, "[a] bank is not required to provide testimony of a witness with personal knowledge regarding the maintenance of a predecessor's business records because the bank's reliance on this type of recordkeeping by others renders the records the equivalent of the bank's own

7

records." *Schaumburg Bank & Tr. Co. v. Bellony Real Est. & Dev.*, 2015 IL App (3d) 130896-U, ¶ 43. *See also Bank of Am., N.A. v. Beeman,* 2014 IL App (2d) 140313-U, ¶ 25 (finding that because a bank could rely on loan servicing company's records as either a successor-in-interest or as a successor by merger, a bank officer's affidavit sufficiently established a foundation for admitting loan serving company's business records); *FirstMerit Bank, N.A. v. Balin*, No. 11 C 8809, 2012 WL 4017948, at *3 (N.D. Ill. Sept. 11, 2012) ("The record reflects that although Maxwell did not work for Midwest and was not a custodian of Midwest's records, Maxwell would constitute a qualified witness since the records of Midwest became FirstMerit's records as the successor bank.").

To support his position, Canelo relies on *Cunningham Charter Corp. v. Learjet, Inc.*, No. 07-CV-233-DRH-DGW, 2012 WL 1565532 (S.D. Ill. May 2, 2012). But *Cunningham* involved a research institute report prepared for an aerospace company, and thus is distinguishable from the situation here involving the inheritance of bank records from a predecessor. *Id*. at *3.

Canelo also argues that Stewart's declaration must also comply with Fed R. Evid 901(b)(9), which addresses evidence about a process or system. Canelo does not provide any case law or explain why Plaintiff allegedly failed to comply with this subsection of Rule 901 in submitting the Stewart declaration.[3] It is not "this court's job to make arguments or marshal evidence for" Canelo. *Nat'l Inspection & Repairs,*

---

[3] Moreover, courts have explained that "Rule 901(b)(9), though it may be illustrative, provides no real constraint on the authentication of evidence." *Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan, Inc.*, 608 F. Supp. 2d 1018, 1023 (N.D. Ill. 2009).

8

*Inc. v. George S. May Int'l Co.*, No. 03 C 5529, 2008 WL 4389834, at *1 (N.D. Ill. Sept. 24, 2008), *aff'd*, 600 F.3d 878 (7th Cir. 2010). *See also Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019) (party opposing a summary judgment motion must inform the court "of the reasons, legal or factual, why summary judgment should not be entered").

Canelo's final argument that the Stewart declaration should be disregarded because it was prepared in anticipation of litigation is similarly unconvincing. Stewart prepared this declaration for this litigation, not in anticipation of this litigation. And he did so for the permissible purpose of laying a foundation for the admissibility of certain business records. The sole case Canelo relies on, *Jordan v. Binns*, 712 F.3d 1123, 1137 (7th Cir. 2013), involved an insurance adjuster's report prepared after an accident investigation and in anticipation of litigation, not a business record prepared in the ordinary course of a company's business. The business records underlying Stewart's declaration, in contrast, are ordinary business records admissible under an exception to the rule against hearsay.

### b. Canelo Affidavit

Canelo submitted a sworn affidavit, dated September 2, 2022 (Dkt. 35-3), in support of his argument that the loan was paid. In his affidavit, he explains that he was the CEO of Cumex, and Cumex dissolved in 2012. *Id.* ¶¶ 1, 2. Canelo further avers that before the dissolution: "I received verbal confirmation from MB Financial Bank, N.A. that the loan at issue in this lawsuit was fully satisfied." *Id.* ¶ 5. Plaintiff objects to Canelo relying on this statement in order to avoid summary judgment. [38].

9

The Court agrees with Plaintiff. Canelo makes this broad statement about receiving "verbal confirmation" from the bank that the loan was "fully satisfied", relying on hearsay, and without any factual detail or supporting documentation. This cannot support his argument that the loan was in fact paid.

"Affidavits in support of a motion for summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence." *NHI-2, LLC v. Wright Prop. Mgmt., Inc.*, No. 15 C 7913, 2018 WL 1138542, at *3 (N.D. Ill. Mar. 2, 2018). "[A] nonmoving party at the summary judgment stage cannot rest upon conclusory statements in affidavits; [they] must go beyond the pleadings and support [their] contentions with proper documentary evidence." *Foster v. PNC Bank, Nat'l Ass'n*, 52 F.4th 315, 320 (7th Cir. 2022) (quotation omitted). *See also Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 419 (7th Cir. 2016) (disregarding affidavit that contained conclusory statements when the facts did not support that conclusion).

Canelo's statement is not only unsupported, but it also contradicts other facts in the record that Canelo expressly admitted. In particular Canelo admitted that Cumex defaulted on the Cumex Promissory Note by failing to make full payment when the Note matured on August 5, 2011, and pursuant to Canelo's Commercial Guaranty, he agreed to pay all indebtedness owed by Cumex, including all amounts owed under the Cumex Promissory Note. PSOF ¶¶ 9, 12. Further, he conceded that he has not made any payments on the Cumex Promissory Note after August 5, 2011, and has no personal knowledge of any person or entity making any payments on the promissory note after that date. *Id*. ¶¶ 13, 14. And as discussed above, the Court has deemed

10

admitted that: on the date of default, the principal amount outstanding on the Cumex Promissory Note was $105,499.72. *Id.* ¶ 10. Finally, no amounts were paid after August 5, 2011. *Id.* ¶ 22.

For these reasons, the Court will not consider paragraph 5 of Canelo's affidavit. Canelo's unsupported argument that the loan was paid cannot overcome Plaintiff's evidence establishing Canelo's liability for the amount due under the Promissory Note.

In sum, in light of the facts that Canelo expressly admitted and the facts the Court has deemed admitted, it is undisputed that a principal balance of $105,499.72 remains outstanding on the Cumex Promissory Note and Canelo is liable under his Commercial Guaranty under which he agreed to pay all amounts owed under the Cumex Promissory Note. Therefore there are no factual issues precluding summary judgment and summary judgment in Plaintiff's favor is warranted.

## CONCLUSION

For the stated reasons, Plaintiff SMS Financial's motion for summary judgment [31] is granted as to Defendant Canelo. Because of the bankruptcy as to Defendant Suastegui, this case as to Roberto Suastegui is stayed. Plaintiff should file a status report on or before 6/30/23 on the status of the bankruptcy matter.

E N T E R:

Dated: February 22, 2023

_____
MARY M. ROWLAND
United States District Judge